IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GURPREET SINGH, | : | |
|     Petitioner | : | No. 1:16-cv-2246 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MARY SABOL, | : | (Magistrate Judge Saporito) |
|     Respondent | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On November 7, 2016, the Court received and docketed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, signed and dated by Petitioner Gurpreet Singh on November 3, 2016. (Doc. No. 1.) On April 21, 2017, Petitioner, through his counsel,[1] filed an amended § 2241 petition challenging the constitutionality of his prolonged detention under 8 U.S.C. § 1225(b) by the United States Customs and Immigration Enforcement ("ICE") for a period of seventeen (17) months while awaiting the completion of immigration removal proceedings without an individualized bond hearing and determination to justify his continued detention.

On April 6, 2017, following a full briefing on the amended § 2241 petition, Magistrate Judge Saporito issued the presently pending Report and Recommendation, which recommends that the Court grant the writ and direct that Petitioner be afforded an individualized bond hearing before an immigration judge. Specifically, Magistrate Judge Saporito, relying on this Court's recent decision in Ahad v. Lowe, No. 1:16-CV-01864, 2017 WL 66829, at *1 (M.D. Pa. Jan. 6, 2017), finding that petitioner's twenty-month detention under § 1225(b) was presumptively unreasonable, and directing that the petitioner be afforded an individualized bond hearing, as

---
[1] An attorney with the federal public defender's office was subsequently appointed to represent Petitioner in this matter under 18 U.S.C. § 3006A(a)(2)(B).

well as a prevailing line of emerging case law that has imposed a temporal limitation on mandatory pre-removal detention of "arriving aliens" under 8 U.S.C. § 1225(b). (Doc. No. 22 at 10.)

Respondent has objected to the Report and Recommendation, arguing that this Court should decline the invitation to import a reasonableness component into 8 U.S.C. 1225(b)(2)(A) because: (1) the statute contains no ambiguous language that could be read to imply a durational limit (Doc. No. 24 at 8); (2) imposing a reasonable temporal limitation on detention under 8 U.S.C. § 1225(b)(2)(A) would insufficiently account for the difference between the due process rights afforded to criminal aliens and arriving aliens (Id. at 11); (3) reading a reasonableness limitation into the statute would allow for an arriving alien to have an "end-run around the laws that Congress has enacted to protect the United States border and to prevent the entry of an inadmissible alien into the United States" (Id. at 16); and (4) Jennings v. Rodriguez, 136 S. Ct. 2489 (2016), a case relied upon by Magistrate Judge Saporito in reaching his recommendation that is currently pending before the Supreme Court of the United States for a decision of whether, inter alia, a Rule 23(b)(2) class comprised of both non-citizens seeking admission into the United States and lawful permanent residents may be subject to indefinite pre-removal detention under 8 U.S.C. § 1225(b)(2)(A), is distinguishable from the circumstances of this case (Id. at 18). Alternatively, Respondent argues that should this Court impose a temporal limitation on mandatory detention in this context, it should find that Petitioner's detention of seventeen months is reasonable. (Id. at 20.)

Having thoroughly considered the arguments presented in Respondent's brief in support of its objections to the Report and Recommendation (Doc. No. 24), this Court finds that Magistrate Judge Saporito correctly and comprehensively addressed the substance of

Respondent's objections in the Report and Recommendation itself, and thus, will not write separately to address Respondent's objections, except as noted in the margin.[2]

**ACCORDINGLY**, on this 28th day of April 2017, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Saporito (Doc. No. 22);

2. Petitioner Gurpreet Singh's amended petition for writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 (Doc. No. 19), is **GRANTED**;

3. Petitioner shall be afforded an individualized bond hearing before an immigration judge **within thirty (30) days** of the date of this Order;

4. At the bond hearing, the government shall bear the burden of demonstrating that Petitioner's continued detention is still necessary to fulfill the purposes of ensuring that he attends removal proceedings and that his release will not pose a danger to the community under Diop v. ICE/Homeland Security, 656 F.3d 221, 231 (3d Cir. 2011);

5. Petitioner's motion for a preliminary injunction (Doc. No. 3), is **DENIED AS MOOT**; and

6. The Clerk is directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[2]